Case 4:20-cv-02810   Document 21   Filed on 03/28/22 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN K. L., SR.,[1] § § § *Plaintiff*, § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § *Defendant*. § § | Case No. 4:20-cv-2810 |

# MEMORANDUM AND ORDER

Plaintiff Brian K. L., Sr. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF No. 17; Def.'s MSJ, ECF No. 19. Plaintiff challenges the Administrative Law

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On April 26, 2021, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 13.

1

Judge's ("ALJ") determination, arguing that substantial evidence does not support the decision because the ALJ discounted all opinions of the mental health providers and relied instead on her own lay opinion in performing the Residual Functional Capacity ("RFC") analysis; accordingly, Plaintiff seeks remand for reconsideration of the evidence. Pl.'s MSJ Brief, ECF No. 18. Defendant counters, asserting that the ALJ's findings are proper and supported by substantial evidence. Def.'s Cross-MSJ Brief, ECF No. 20. Based on the briefing and the record, the Court determines that the ALJ's opinion is not supported by substantial evidence because she improperly substituted her lay opinion for that of the medical doctors. Therefore, Plaintiff's motion for summary judgment should be granted and Defendant's motion for summary judgment should be denied.

## I. BACKGROUND

Plaintiff is 49 years old, R. 27,[3] and has an 11th grade education. R. 253. Plaintiff has not engaged in substantial employment since 2008, ten years before the application filing date. R. 18. Plaintiff claims he suffers both physical and mental impairments. R. 18–19, 251.

On March 28, 2018, Plaintiff filed his application for SSI benefits under Title XVI of the Act. R. 16, 129. Plaintiff based[4] his application on post-traumatic stress

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 12.

[4] The relevant time period is March 28, 2018—Plaintiff's application filing date—through March 2, 2020—the date of the hearing decision. R. 28, 219. The Court will consider medical evidence

disorder ("PTSD"), bipolar disorder, anxiety disorder, depression, diabetes, hearing loss, hepatitis B, neck problems, and back problems. R. 251. The Commissioner denied his claim initially, R. 110–13, and on reconsideration. R. 116–18.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 38. Plaintiff and a vocational expert testified at the hearing. R. 39. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 16–28. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's

---

outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 28. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since his application filing date. R. 18 (citing 20 C.F.R. 416.971 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: mild degenerative disc disease and facet arthrosis, anxiety, depression, bipolar disorder, PTSD, and impulse control/anti-social personality disorder. R. 18. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 19 (referencing 20 C.F.R. 416.920(d), 416.925, and 416.926). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b). R. 20. However, the ALJ added limitations, including that Plaintiff requires the ability to alternate to a standing position for three minutes after every 30 minutes of sitting and to a sitting position for five minutes after every 30 minutes of standing; Plaintiff can occasionally climb ladders, ropes, and scaffolds, and occasionally kneel; he can understand, remember, and carryout simple, routine, repetitive tasks, but not at a production rate pace; and he can have frequent interaction with supervisors, occasional interaction with coworkers, and no interaction with the public. R. 20. At step four, the ALJ determined that Plaintiff had no past relevant work. R. 27 (citing 20 C.F.R. 416.965). At step five, based on the testimony of the vocational expert and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform work that exists in significant numbers in the national economy, including shipping weigher, mail clerk, and photocopy machine operator. R. 27. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 28.

decision to deny disability benefits. R. 1. Plaintiff filed suit appealing the determination.

## II. STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III. BURDEN OF PROOF

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises a single issue: substantial evidence does not support the ALJ's RFC determination. ECF No. 18 at 9–18. Plaintiff argues that the ALJ improperly rejected the opinion of consultative psychologist Dr. Danielle Hale. *Id.* at 10–16. Plaintiff further argues that the ALJ rejected all mental health opinion evidence and improperly relied on her own lay assessment to devise the mental RFC determination. *Id.* at 16–18. Defendant counters that substantial evidence supports the ALJ's mental RFC finding and the ALJ properly considered Dr. Hale's opinion. ECF No. 20 at 5–10. Defendant also argues that the ALJ properly interpreted the medical evidence when crafting the RFC and did not substitute her opinion for those of the medical professionals. ECF No. 20 at 10–11. The Court finds that although the ALJ properly considered the opinion of Dr. Hale, she substituted her opinion for the doctors' regarding Plaintiff's mental impairments, requiring remand.

### A. The ALJ Did Not Properly Conduct the Plaintiff's RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as "the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the

ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Id.*; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of medical experts and the weight to be accorded their opinions. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

### 1. *The ALJ Discounted the Only Medical Opinions Regarding Plaintiff's Mental Limitations.*

Dr. Hale was the sole consultative examining psychiatrist. Dr. Hale concluded that Plaintiff cannot likely adequately function in a regular work setting. R. 362 (7/17/18). Dr. Hale opined that Plaintiff is unlikely to have the ability to sustain concentration and persist in work-related activity at a reasonable place. *Id.* Dr. Hale also opined that it appeared unlikely that Plaintiff could maintain effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public, or cope with normal pressures in a competitive work setting. *Id.*

The ALJ found Dr. Hale's opinion to be unpersuasive. R. 26–27. In

discounting this opinion, the ALJ held that Dr. Hale's opinion was based on self-reported information without the benefit of objective corroborative information and a one-time examination. R. 26. The ALJ further stated that Dr. Hale noted that her diagnoses were provisional, which the ALJ provided rendered them not medically determinable. *Id.* The ALJ also contended that Dr. Hale's opinion was an extreme result and was out of proportion with the mental status examination findings. *Id.* Specifically, the ALJ said that given the extreme nature of the consultative examiner's findings she expected to see more significant deficits than the mild limits shown upon examination. *Id.* The ALJ also said that she expected to see different evidence within the record, such as police involvement, involuntary commitments, frequent inpatient hospitalizations, and so forth. R. 27. The ALJ contended as well that Dr. Hale's findings were not consistent with the findings from other providers which showed mostly normal or mild findings. R. 26.

The ALJ also found unpersuasive the opinions of the state agency medical consultants ("SAMCs"). R. 26. On August 7, 2018[6] and December 4, 2018,[7] respectively, the SAMCs opined that Plaintiff can understand, remember, and carry out only simple instructions; can make simple decisions; can attend and concentrate for extended periods; can interact adequately with co-workers and supervisors; and

---

[6] This SAMC opinion was given before the initial determination on disability.

[7] This SAMC opinion was given before the reconsideration determination.

can respond adequately to changes in a routine work setting. R. 85 (8/7/18); R. 101 (12/4/18). In dismissing these opinions, the ALJ noted that the evidence shows that Plaintiff is more limited, specifically with interaction and concentration. R. 26.

Finding the opinions of Dr. Hale and the SAMCs to be unpersuasive, there were no other medical source opinions regarding Plaintiff's mental limitations on which the ALJ relied in formulating the RFC. Nonetheless, the ALJ concluded that the objective medical evidence supported the RFC determination. R. 20.

### 2. *The ALJ Properly Considered the Opinion of Dr. Hale.*

Plaintiff argues that the ALJ improperly evaluated the medical opinion of psychological consultative examiner Dr. Hale because she misapplied the section 404 factors. ECF No. 18 at 11–16. Plaintiff claims the ALJ mischaracterized the record and cherrypicked evidence to support her determination. *Id*. at 13–16. This argument is without merit.

Under the new rule regarding RFC determinations, the ALJ is no longer required to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a).[8] Instead, the ALJ is required

---

[8] For claims filed after March 27, 2017, the new guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.). Because Plaintiff's claim was filed in 2018, this new rule applies.

to consider all medical opinions and prior administrative medical findings using specific factors: (1) supportability; (2) consistency; (3) the physician's relationships with the claimant, which includes considering the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) the physician's specialization, and (5) other factors. 20 C.F.R. § 404.1520c(b).[9] The most important factors are consistency and supportability. *Id.*; *Garcia*, 2020 WL 7417380, at *4. Under the new guidelines, the ALJ must articulate how persuasive she finds each of the opinions in the record. 20 C.F.R. § 404.1520c(b).

Considering the section 404 factors, the ALJ found that Dr. Hale's opinion was internally inconsistent and lacked support from the record. R. 26–27. Although Plaintiff is correct that Dr. Hale's opinions had support in the medical records and history of treatment, the ALJ is entitled to evaluate and determine the weight and persuasiveness of the evidence. *See Scott*, 770 F.2d at 485. The Court may not reweigh the evidence or substitute its opinion for the ALJ's even when the evidence preponderates against the conclusion. *Brown*, 192 F.3d at 496.

Plaintiff argues that the ALJ mischaracterized the record to support her conclusion when she stated that Dr. Hale noted that her diagnoses were provisional.

---

[9] Other factors include evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. 20 C.F.R. § 404.1520c(b).

ECF No. 18 at 13. To the contrary, in her evaluation, Dr. Hale stated, "The following diagnostic impression(s) are based primarily on self-reported information without the benefit of objective corroborating information. Consequently, these diagnostic impressions *should likely be considered provisional*." R. 361 (7/17/18) (emphasis added). In discounting Dr. Hale's opinion, the ALJ cited those statements to conclude that her "diagnoses were thus, provisional which renders those diagnoses not medically determinable." R. 26. Plaintiff admits that the terms "diagnostic impressions" and "diagnoses" are equivalent. ECF No. 18 at 13. Moreover, because Dr. Hale's diagnostic impressions and her functional capacity opinion were formed from the same information, R. 361 (7/17/18), the ALJ did not mischaracterize Dr. Hale's evaluation while weighing her opinion.

Furthermore, what Plaintiff claims to be "picking and choosing" of the evidence is the ALJ deciphering the record and determining Plaintiff's limitations based on the medical records, the medical opinions, Plaintiff's testimony, and his daily activities. R. 20–27. Dr. Hale's mental status examination findings contained mixed findings, noting anxiety and depression, but otherwise mild or normal findings.[10] Similarly, most of Plaintiff's mental examinations with treating providers

---

[10] Dr. Hale noted that Plaintiff appeared anxious, agitated, and depressed and established minimal eye contact, but that rapport was easily established, and he was forthcoming and cooperative. R. 358–60 (7/17/18). Plaintiff's speech was mildly pressured, and he was talkative and difficult to redirect, but his tone was normal, and he exhibited no expressive or receptive language deficits, he had no problems hearing or seeing, and there was no indication of psychomotor agitation or unusual movements. R. 358–59 (7/17/18). Dr. Hale noted that Plaintiff's thinking appeared

were unremarkable, documenting mostly normal or mild findings.[11]

An ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez*, 64 F.3d at 176 (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)); *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)) (holding that good cause for abandoning a treating physician's opinion includes when it is otherwise unsupported by the evidence.). Therefore, substantial evidence supports the ALJ's finding that Dr. Hale's opinion was unpersuasive.

---

tangential, circumstantial, or disorganized, but there were no loose associations or flights of ideas. R. 359 (7/17/18). His abstract thinking was good, and he was able to interpret proverbs correctly. *Id.* Plaintiff reported delusional thinking, excessive fears, paranoid thoughts, or obsessive thoughts, but no false perceptions were elicited during the interview. *Id.* Plaintiff's short-term memory appeared to be deficient, but his remote and immediate memory appeared intact. R. 360 (7/17/18). His fund of knowledge and intelligence were lower than average, but he was oriented and did not appear to be confused, and exhibited adequate concentration and attention, good judgment, and fair insight. R. 360–61 (7/17/18).

[11] R. 334–335 (6/6/18) (Plaintiff was fairly cooperative and forthcoming, and maintained good eye contact; no overt delusions elicited; good insight; good judgment); R. 338 (5/19/17) (Plaintiff was fairly cooperative and forthcoming, and maintained good eye contact; no agitation or abnormal movements; no overt delusions elicited; good insight; good judgment); R. 380–81 (8/9/18) (Plaintiff was cooperative and forthcoming, and maintained good eye contact; no agitation or abnormal movements; linear, good directed thinking; good insight; good judgment); R. 394–95 (9/16/18) (Plaintiff reported anxiety, irritability, and sleeping problems, but denied depression, mania, suicidal thoughts, homicidal thoughts, delusions, or hallucinations); R. 423 (6/14/17) (Plaintiff was alert, oriented, and cooperative); R. 434–35 (8/20/17) (Plaintiff's behavior was normal; Plaintiff denied suicidal ideations, or auditory or visual hallucinations); R. 448 (7/10/19) (Plaintiff was fairly cooperative and maintained good eye contact; no agitation or abnormal movements; no overt delusions elicited; good insight; good judgment); R. 451 (6/19/19) (Plaintiff reported anxiety, but he was alert and oriented, his behavior was normal, and he was not paranoid or delusional); R. 472 (1/4/19) (Plaintiff was cooperative and forthcoming, and maintained good eye contact; no agitation or abnormal movements; no suicidal or homicidal ideations, or auditory or visual hallucinations; good insight; good judgment).

### 3. *The ALJ Improperly Relied on Her Own Lay Opinion in Formulating the RFC.*

Although the ALJ is generally tasked with weighing medical opinions and determining a plaintiff's RFC, *Taylor*, 706 F.3d at 602-03, "an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on her own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley*, 67 F.3d at 557); *see also Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (warning an ALJ "must be careful not to succumb to the temptation to play doctor," as "lay intuitions about medical phenomena are often wrong") (quotations omitted). This is particularly true in questions of mental impairment because "[d]etermining whether a claimant is disabled because of a mental condition under the . . . sequential process can be a difficult task." *Singletary*, 798 F.2d at 820. "Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia v. Berryhill*, No. 17-CV-263, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) (collecting cases); *accord Allen v. Saul*, No. 4:19-cv-1575, 2020 WL 5412630, at *7 (S.D. Tex. Sept. 9, 2020); *Beachum v. Berryhill*, No. 17-CV-95, 2018 WL 4560214, at *4 (W.D. Tex. Sept. 21, 2018).

After discounting the opinion of Dr. Hale, the ALJ included in her RFC

determination a description of Plaintiff's ability to interact with others that tracked the area between the opinions of the SAMCs and Dr. Hale. *See Gibson v. Colvin*, No. 7:13-CV-62-BO, 2014 WL 4415969, at *2 (E.D.N.C. Sept. 8, 2014) ("It appears to the Court that the ALJ here simply performed a Solomonian splitting of the baby taking a non-examining physicians' RFC of medium and examining doctors' RFC of sedentary or less than sedentary, discounting all of them, and arriving at an RFC of light. While this may appear to be a just result, it is not rooted in substantial evidence in the record and therefore fails."). Specifically, the ALJ stated that she included some social interactions which allow for the evidence showing symptoms of anger and irritation along with anxiety and aggression which accounts for some of the more extreme reports of symptoms. R. 27.

In doing so, the ALJ improperly substituted her opinion without reasoning and analysis to formulate an RFC. *See, e.g., Allen*, 2020 WL 5412630, at *7 (remanding when the ALJ gave little weight to opinions of treating psychiatrists and partial weight to the SAMCs' who did not review the most recent records, thereby improperly interpreting the raw medical data to formulate the RFC); *Beachum*, 2018 WL 4560214, at *3–4 (noting that the ALJ, by her own admission, dismissed the medical consultant's opinion and thus improperly determined the RFC based on her lay opinion); *Garcia*, 2018 WL 1513688, at *3 ("[T]he ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical

data, and made judgments regarding Plaintiff's RFC.") (citation omitted).

"Accordingly, the Court can only conclude that the ALJ substituted [her] own judgment over the medical opinions of the physicians of record." *Garcia*, 2018 WL 1513688, at *3. Therefore, substantial evidence does not support the ALJ's RFC findings concerning Plaintiff's mental limitations.

"Procedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Remand is necessary. When as here, the ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical data, and made judgments regarding Plaintiff's RFC, the ALJ's RFC decision is not supported by substantial evidence. *Beachum*, 2018 WL 4560214, at *4 (citing *Garcia*, 2018 WL 1513688, at *3). The Court concludes that it was reversible error for the ALJ to substitute her opinion for that of the mental health professional, causing Plaintiff prejudice. *Id.* (citing *Boles v. Colvin*, 2016 WL 4257441, at * 10 (N.D. Tex. May 27, 2016)).

## CONCLUSION

The Court **GRANTS** Plaintiff's motion for summary judgment, ECF No. 17, and **DENIES** the Commissioner's motion for summary judgment, ECF No. 19. The Commissioner's decision denying Plaintiff SSI benefits is **VACATED**. This matter

is **REMANDED** to the Commissioner for further proceedings. This case is **DISMISSED**.

      **SIGNED** at Houston, Texas, on March 25, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**