Case 4:20-cv-02810 Document 26 Filed on 07/12/22 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN K. L., SR.,[1] | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | No. 4:20-cv-02810 |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| *Defendant.* | | |

## **MEMORANDUM AND ORDER**

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.' s Mot., ECF Nos. 23, 24. Because the Court granted Plaintiff's Motion for Summary Judgment, ECF No. 17, and remanded this case to the Commissioner for reconsideration, ECF No. 21, Plaintiff is the prevailing party. The Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant does not oppose the motion. ECF No. 25. Therefore, Plaintiff's motion should be granted.

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

## I. LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously found that the ALJ did not properly conduct the RFC analysis by rejecting the only medical opinions in the record regarding Plaintiff's mental limitations and crafting an RFC based on her own lay opinion. ECF No. 21 at 7–16. The claimant is a prevailing party when the district court remands a social

security action under sentence four of 42 U.S.C. § 405(g).[2] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[3] filed his motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II.   ANALYSIS

Plaintiff's counsel seeks an award of $5,088.68. She submitted evidence supporting an hourly rate of $202.44 for 2.2 attorney hours worked in 2020 and an hourly rate of $211.11 for 19.2 attorney hours worked in 2021 and 2022 and an hourly rate of $100.00 for 5.9 paralegal hours worked in 2020, 2021, and 2022. ECF No. 24 at 3; ECF No. 24-3; ECF No. 24-4; ECF No. 24-5.[4] The Commissioner filed a response, stating that she does not oppose Plaintiff's motion. ECF No. 25 at 1.

---

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[3] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on March 28, 2022, ECF No. 22, which became final sixty days later, on May 27, 2022. Plaintiff had thirty days from May 27, 2022, to file his motion for attorney's fees. Plaintiff filed his motion on June 16, 2022, and thus the motion is timely. ECF No. 23.

[4] Plaintiff's itemized statement indicates that Plaintiff's counsel worked 2.2 hours in 2020, 18.1 hours in 2021, and 1.1 hours in 2022, ECF No. 24-4, and that a paralegal worked 2.5 hours in 2020, 0.6 hours in 2021, and 2.8 hours in 2022. ECF No. 24-5.

Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[5] Plaintiff's counsel claims 27.3 hours, including 5.9 paralegal hours, which is within the typical range of hours for this type of case.

"Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) ("Paralegal expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses, and even then only to the extent that the paralegal performs work traditionally performed by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses."). Having reviewed the record in this case, the Court finds that the number of hours sought, including 5.9 paralegal hours, is reasonable and supported.

Counsel's hourly rate is higher than the statutory rate of $125,[6] requiring a

---

[5] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[6] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See*

finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is based in New York, but appeared *pro hac vice* in this case filed in Houston.[7] She is claiming fees for work performed in 2020, 2021,

---

28 U.S.C. § 2412(d)(2)(A)(ii).

[7] When determining which CPI figures to use for out-of-state attorneys, the Court finds it most appropriate to use data specific to the Houston area, where this Court is located. *See Mesecher v.*

and 2022. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7. Based on the case law, the Court calculates the hourly rates for 2020, 2021, and 2022 as follows:

- In 2020, the CPI for Houston-The Woodlands-Sugar Land, Texas was 229.161. The percentage difference between 1996 and 2020 is 160.589% (229.161/142.7). Therefore, the hourly rate for 2020 is $200.74 (160.589% x 125).

- In 2021, the CPI for Houston-The Woodlands-Sugar Land, Texas was 238.975. The percentage difference between 1996 and 2021 is 167.467% (238.975/142.7). Therefore, the hourly rate for 2021 is $209.33. (167.467% x 125).

- In 2022, the CPI for Houston-The Woodlands-Sugar Land, Texas was 256.688.[8] The percentage difference between 1996 and 2022 is 179.879% (256.688/142.7). Therefore, the hourly rate for 2021 is $224.85. (179.879% x 125).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2020, Plaintiff's attorney worked

---

*Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *2 *(*N.D. Tex. Oct. 3, 2017) (finding the use of city-specific data where the court was located appropriate).

[8] Only data through April 2022 is available.

6

2.2 hours; and at $200.74 per hour, her fee is $441.63. In 2021, she worked 18.1 hours; and at $209.33 per hour, her fee is $3,788.87. In 2022, she worked 1.1 hours; and at $224.85 per hour, her fee is $247.34. The sum of the 2020, 2021, and 2022 fees is $4,477.84.

The EAJA also allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff seeks to recover 5.9 hours of paralegal work at a rate of $100 per hour, for a total of $590. ECF No. 24 at 2; ECF No. 24-4. Courts in this Circuit frequently approve comparable paralegal awards in the context of the EAJA. *See, e.g.*, *Matthews*, 2020 WL 242487, at *3 ($100 per hour for 8 hours worked); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) ($100 per hour for 7.5 hours worked); *Banks v. Berryhill*, No. 18-CV-239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) ($95 per hour for 7.4 hours worked); *Rasco v. Berryhill*, No. 17-CV-946, 2018 WL 3621054, at *4 (S.D. Tex. June 4, 2018) ($105 per hour for 5.6 hours worked). The Court finds an award of $590 in paralegal fees to be reasonable, for a total of $5,067.84.

Plaintiff came to a slightly higher calculation, $5,088.68. ECF No. 24 at 3. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)); *accord*

7

*Norma Jane T. v. Saul,* No. 4:19-CV-3320, 2021 WL 965910, at *3 (S.D. Tex. Mar. 15, 2021) (the court determined the 2020 rate for Houston was $200.75).

The Court finds that a fee of $5,067.84 is reasonable for 27.3 hours worked. *Accord Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees); *Torres v. Astrue*, No. C-09-73, 2010 WL 3817130, at *3 (S.D. Tex. Sept. 24, 2010) (approving $3,658.50 in fees for 21.9 hours in attorney time and other fees); *Torres v. Astrue*, No. C-08-187, 2009 WL 311312, at *1 (S.D. Tex. Feb. 9, 2009) (approving $3,602.94 in fees for 22.4 hours in attorney time and other fees).

### III.   CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 23, is **GRANTED**; and Defendant is **ORDERED** to pay $5,067.84 pursuant to the Equal Access to Justice Act directly to Plaintiff.

Signed at Houston, Texas, on July 11, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**